UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br>    Plaintiff,<br>    v.<br>CDCR, et al.,<br>    Defendants. | Case No. 25-cv-07188-HSG<br>**ORDER OF SERVICE** |

Plaintiff, an incarcerated person currently housed at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 1) is now before the Court for review pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

1   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
2   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
3   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
4   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

The complaint names as defendants the California Department of Corrections and Rehabilitation ("CDCR") and Salinas Valley State Prison ("PBSP") correctional officers A. Ventura, C. Camacho, R. Martinez, and R. Jimenez.

The complaint makes the following allegations. On July 3, 2025, around 2-3 p.m., while Plaintiff's hands were handcuffed behind his back and he was not resisting, SVSP C-Yard medical and mental health facility officers A. Ventura, C. Camacho, R. Martinez, and R. Jimenez slammed Plaintiff's face into the side of a sharp steel metal cage, knocking out Plaintiff's front tooth and splitting open his left eye lid. The left side of Plaintiff's face and mouth were severely damaged and disfigured, and had to be glued back together  When Plaintiff was on the ground, he informed the correctional officers that he suffers from PTSD, mental trauma, depression, and humiliation due to his history as a sexual assault victim. In response, defendant Camacho began ripping off Plaintiff's clothes. Plaintiff alleges that defendants Ventura, Camacho, Martinez, and Jimenez's actions violated the Fourth and Eighth Amendments. Plaintiff seeks $750,000 in compensatory damages. *See generally* Dkt. No. 1.

Liberally construed, the complaint states the following two cognizable claims. First, the allegation that defendants Ventura, Camacho, Martinez, and Jimenez slammed Plaintiff's face into a metal cage when he was handcuffed and not resisting states an Eighth Amendment claim for excessive use of force. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (Eighth Amendment violated when "prison officials maliciously and sadistically use force to cause harm"). Second, the

allegation that defendant Camacho ripped off Plaintiff's clothes after Plaintiff told defendant Camacho that Plaintiff had been a victim of sexual harassment states an Eighth Amendment claim for sexual harassment. *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment.").

The complaint does not state a Fourth Amendment violation as there was no search or seizure. The Fourth Amendment claim is DISMISSED with prejudice as amendment would be futile. *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

The complaint does not state a claim against the California Department of Corrections and Rehabilitation for two reasons. First, the claims against the CDCR are barred by the Eleventh Amendment. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). With a few exceptions inapplicable here,[1] a state cannot be sued regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). This Eleventh Amendment immunity extends to suits against a state agency, including the CDCR. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections entitled to Eleventh Amendment immunity). Accordingly, the California Department of Corrections and Rehabilitation has Eleventh Amendment immunity from Plaintiff's claims and must be dismissed from this action with

---

[1] There are certain exceptions to a state's Eleventh Amendment immunity to suit, none of which are applicable here. A state can waive its Eleventh Amendment immunity. *See, e.g., Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1021 (9th Cir. 2010) (state waives Eleventh Amendment immunity if it unequivocally indicates intent to subject itself to federal court jurisdiction). Congress may abrogate the states' sovereign immunity if it (1) unequivocally expresses its intent to abrogate the immunity and (2) acts pursuant to a valid exercise of power. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55-73 (1996). States can give up their immunity from congressionally authorized suits pursuant to the Constitution. *Torres v. Texas Dep't of Public Safety*, 597 U.S. 580, 584 (2022). Finally, Eleventh Amendment immunity is inapplicable where the plaintiff seeks prospective relief. *See, e.g., Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021).

1  prejudice. Second, Plaintiff has not directly linked the CDCR to the alleged use of force and
2  alleged sexual harassment. Section 1983 liability may be imposed on a defendant only if the
3  plaintiff can show that the defendant proximately caused the deprivation of a federally protected
4  right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). There is no Section 1983 liability
5  simply because an individual or entity supervised the alleged wrongdoer. *See Taylor v. List*, 880
6  F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under
7  Section 1983, i.e., no liability under theory that one is liable simply because he supervises person
8  who has violated plaintiff's right). The Court DISMISSES defendant California Department of
9  Corrections and Rehabilitation from this action with prejudice as amendment would be futile.
10 *Leadsinger, Inc.*, 512 F.3d at 532.

**CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows.

1. The following defendant(s) shall be served: Salinas Valley State Prison officers A. Ventura, C. Camacho, R. Martinez, and R. Jimenez.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email at CDCR_OLA_Service_of_Process@cdcr.ca.gov the following documents: the operative complaint (Dkt. No. 1), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each

1  defendant who has not waived service according to the CDCR Report of E-Service Waiver a
2  USM-205 Form.  The Clerk shall provide to the USMS the completed USM-205 forms and copies
3  of this order, the summons, and the operative complaint for service upon each defendant who has
4  not waived service.  The Clerk also shall provide to the USMS a copy of the CDCR Report of E-
5  Service Waiver.

6   3. As detailed above, the complaint states cognizable Eighth Amendment claims
7  against Salinas Valley State Prison officers A. Ventura, C. Camacho, R. Martinez, and R. Jimenez.

8   4. The Court DISMISSES the Fourth Amendment claims with prejudice, and
9  DISMISSES defendant California Department of Corrections and Rehabilitation from this action
10  with prejudice.

11   5. In order to expedite the resolution of this case, the Court orders as follows:

12   a. No later than 91 days from the date this order is filed, Defendants must file
13  and serve a motion for summary judgment or other dispositive motion.  If Defendants are of the
14  opinion that this case cannot be resolved by summary judgment, Defendants must so inform the
15  Court prior to the date the motion is due.  A motion for summary judgment also must be
16  accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what
17  is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
18  2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
19  served concurrently with motion for summary judgment).[2]

20   b. Plaintiff's opposition to the summary judgment or other dispositive motion
21  must be filed with the Court and served upon Defendants no later than 28 days from the date the
22  motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment
23  provided later in this order as he prepares his opposition to any motion for summary judgment.
24  Defendants shall file a reply brief no later than 14 days after the date the opposition is filed.  The

---

[2] If Defendants assert that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

1    motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on
2    the motion.

3      6.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the
4    Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must
5    do in order to oppose a motion for summary judgment. Generally, summary judgment must be
6    granted when there is no genuine issue of material fact – that is, if there is no real dispute about
7    any fact that would affect the result of your case, the party who asked for summary judgment is
8    entitled to judgment as a matter of law, which will end your case. When a party you are suing
9    makes a motion for summary judgment that is properly supported by declarations (or other sworn
10   testimony), you cannot simply rely on what your complaint says. Instead, you must set out
11   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
12   as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and
13   documents and show that there is a genuine issue of material fact for trial. If you do not submit
14   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
15   If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*
16   *Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does
17   not excuse Defendants' obligation to serve said notice again concurrently with a motion for
18   summary judgment. *Woods*, 684 F.3d at 939).

19      7.      All communications by Plaintiff with the Court must be served on Defendants'
20   counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard
21   any document which a party files but fails to send a copy of to his opponent. Until Defendants'
22   counsel has been designated, Plaintiff may mail a true copy of the document directly to
23   Defendants but once Defendants are represented by counsel, all documents must be mailed to
24   counsel rather than directly to Defendants.

25      8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
26   No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required
27   before the parties may conduct discovery.

28      9.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the

Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: September 15, 2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

7