UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT,<br>    Plaintiff,<br>v.<br>A. VENTURA, et al.,<br>    Defendants. | Case No. 25-cv-07188-HSG<br><br>**ORDER GRANTING REQUEST FOR SUBPOENA FORMS; DIRECTIONS TO CLERK**<br><br>Re: Dkt. No. 8 |

Plaintiff, an incarcerated person currently housed at Salinas Valley State Prison ("SVSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging that Defendants used excessive force and sexually harassed him, in violation of the Eighth Amendment. Dkt. Nos. 1, 4. This order addresses Plaintiff's request for a non-party subpoena to depose the "I.S.U. unit officer that was involved in the incident on July 3, 2025, incident log number 115506." Dkt. No. 8.

**DISCUSSION**

**Dkt. No. 8 – Request for Blank Subpoenas.** Plaintiff has requested a non-party subpoena to depose the "I.S.U. unit officer that was involved in the incident on July 3, 2025, incident log number 115506." Dkt. No. 8. The Court has no jurisdiction over non-parties. The Court therefore construes this pleading as a request for blank subpoena forms because, to request discovery from a non-party, Plaintiff must serve the non-party with a subpoena. Plaintiff's request for blank subpoena forms is GRANTED. Dkt. No. 8.

**Directions to Clerk and Plaintiff.** The Clerk of the Court is directed to send Plaintiff two (2) subpoena duces tecum forms. Plaintiff needs to fill in all of the necessary information on the subpoena form, including the name of the person to whom this person is directed and the method by which the deposition will be recorded. Plaintiff must leave the signature line blank so that the

clerk may sign it. This is because, as a *pro se* litigant, Plaintiff needs the Court's Clerk to issue a subpoena. Fed. R. Civ. P. 45(a)(3). Because Plaintiff is a *pro se* litigant, he may rely on the United States Marshal to effect service, but he must first obtain the Court's authorization. In order to have a subpoena issued to a non-party, Plaintiff must return the completed subpoena to the Court, along with a motion requesting that the Clerk issue the subpoena and that the United States Marshal Service effect service on the non-party. In the motion, Plaintiff must (1) specify the relevance of the information sought by the subpoena(s) and how the relevance outweighs any burden and expense that would be incurred by the non-party in providing the requested information; (2) show that the records or information are obtainable only through the identified third party; and (3) specify how he will bear the recording costs given his indigent status. Plaintiff should attach the completed subpoena(s) to his motion.

**Limitations on Third-Party Discovery.** The Court's authorization of a *subpoena duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required, Fed. R. Civ. P. 45(b), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court," *Austin v. Winett*, C No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C. § 1915(d). Limitations include the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information. *See* Fed. R. Civ. P. 26, 45. A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, C No. 1:06-cv-01216-AWI-SKO PC, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, C No. 1:05-cv-00124-AWI-SMS PC, 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991); *see also United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party). Non-parties are "entitled to have the benefit of this Court's vigilance" in considering these factors. *Badman*, 139

F.R.D. at 605. Plaintiff is free to pursue non-party discovery, but should keep in mind the limitations on non-party discovery explained above.

**Plaintiff's Request to Depose Unnamed ISU Officer.** However, the Court cautions Plaintiff that it will not issue a subpoena duces tecum to depose the "I.S.U. unit officer that was involved in the incident on July 3, 2025, incident log number 115506" for the following reasons. First, the United States Marshal Service cannot effect service on an unknown person. Plaintiff should determine the identity of this I.S.U. officer before seeking to depose him or her. Plaintiff may use the discovery process to ascertain this information. Second, it is unclear why Plaintiff needs to depose the I.S.U. officer. To the extent that Plaintiff is seeking video footage of the July 3, 2025 incident from body worn cameras and surveillance cameras, it is unclear why Plaintiff cannot obtain this footage through a discovery request to a party to the action.

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The Court construes Dkt. No. 8 as a request for blank subpoena forms and GRANTS the request. Dkt. No. 8.

2. The Clerk of the Court is directed to send Plaintiff two (2) document subpoena duces tecum forms. If Plaintiff choose to use these forms, Plaintiff should fill out the forms completely, including the name of the person to whom the subpoena is directed and the method by which the deposition will be recorded. Plaintiff must leave the signature line blank. In order to have these subpoenas issued, Plaintiff must return the completed subpoena to the Court, along with a motion requesting that the Clerk issue the subpoena and that the United States Marshal Service effect service on the non-party. In the motion, Plaintiff must (1) specify the relevance of the information sought by the subpoena(s) and how the relevance outweighs any burden and expense that would be incurred by the non-party in providing the requested information; (2) show that the records or information are obtainable only through the identified third party; and (3) specify how he will bear the recording costs given his indigent status. Plaintiff should attach the completed subpoena(s) to his motion.

3. The Court ORDERS the Clerk to terminate defendant California Department of

Corrections and Rehabilitation from this action.  The Court dismissed defendant California Department of Corrections and Rehabilitation from this action in the September 15, 2025 Order of Service.  Dkt. No. 4 at 3-4.

This order terminates Dkt. No. 8.

**IT IS SO ORDERED.**

Dated:   12/3/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

4